UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 1:10-cr-00167-JAW-1 |
| | ) |
| BRADLEY STONE, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON
MOTION TO SUPPRESS (Doc. No. 49)**

Bradley Stone has moved to suppress all evidence seized by law enforcement officials following a search of his residence in Orneville, Maine, on September 29, 2010. The search warrant, signed by Chief Judge John A. Woodcock, was based upon an affidavit filed by Jonathan L. Richards. Stone contends that the warrant that issued was not supported by probable cause. Neither the United States nor Stone has requested an evidentiary hearing on the manner of execution or the falsity of the allegations made in the affidavit and the matter is in order for decision based upon the attestations made within the search warrant affidavit itself. The Court referred the motion pursuant to 28 U.S.C. § 636 for a report and recommended decision. I now recommend that the court deny the motion.

**Discussion**

Stone complains about a lack of probable cause first because the growing marijuana plants were on land behind his brother's residence, not his immediately adjacent residence. Stone's second argument concerning the lack of probable cause stems from the fact that the second confirmed marijuana plot's connection to him is likewise insubstantial based only upon a concerned citizen's opinion that he believes a voice he heard while concealed at the marijuana plot was Bradley Stone's voice and a known acquaintance of Bradley Stone was seen at the site.

Stone contends these two confirmed marijuana growing operations were not sufficiently connected to him to justify the existence of probable cause to search his residence.

      The United States points out that the Stone brothers' residences are situated on a single parcel of land located at 1557 Lyford Road in Orneville, Maine. (Gov't Obj. at 2.) The United States also points out that when the concerned citizen was concealed at the marijuana grown approximately five miles from the residence, he not only recognized Stone's voice and saw his known acquaintance, he also heard someone calling for "Brad." (Id. at 3.) The same concerned citizen also reported that another acquaintance of his had told him that he had heard Michael Stone bragging about his brother's and his marijuana growing operation. (Id.) Additionally, according to Richards's affidavit he visited the woods behind the Stone residences and found a foot path that traveled towards Bradley Stone's residence and lead past two marijuana patches, one with approximately seven six-foot tall marijuana plants that were secured inside a chicken wire fence and the second patch approximately 50-75 feet from the first along the same footpath and likewise secured by a chicken wire fence. (Id. at 4.) The agent also related that Bradley Stone had a 2007 felony conviction for unlawful trafficking in scheduled drugs, a conviction which stemmed from the execution of a search at Stone's Lyford Road residence and the discovery of twenty-five pounds of marijuana, one and one-half pounds of hashish, and twelve grams of cocaine, as well as evidence of cultivation and distribution of marijuana. (Id.)

      "A search warrant application must demonstrate probable cause to believe that: 1) a crime has been committed, and (2) enumerated evidence of the offense will be found at the place to be searched—the so-called 'nexus' element." United States v. Hicks, 575 F.3d 130, 136 (1st Cir. 2009) (quoting United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999)). In considering whether a warrant affidavit establishes probable cause, a judicial officer's task is "simply to make

a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). My own practical, common-sense decision is that there was at least a 'fair probability' that evidence of marijuana cultivation and drug trafficking would be found in Bradley Stone's residence. Furthermore, this Court's review of the judicial officer's determination does not take the form of *de novo* review in any event, because the initial "determination of probable cause should be paid great deference by reviewing courts." Id. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)).

Nevertheless, even if this Court were to conclude, based on further reflection, that no probable cause existed for the issuance of this search warrant, suppression of the evidence would not be an appropriate remedy in this case because of the good faith exception. United States v. Leon, 468 U.S. 897, 920-21 (1984). There is absolutely no evidence, nor is any argument made by Defendant, that Richards was not "an objectively reasonably law enforcement officer" who "relied in good faith on a defective warrant." United States v. Brunette, 256 F.3d 14, 19 (1st Cir. 2001). In these circumstances, suppression is unwarranted and serves no deterrent purpose.

**Conclusion**

Based on the foregoing, I RECOMMEND that the motion to suppress be DENIED.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 29, 2011